# Exhibit A

IN THE CIRCUIT COURT OF FAIRFAX COUNTY

Robert A. Vanderhye )
    Plaintiff )
)
vs. )    Case # CL2015 - **2 0 1 5   0 1 4 2 1**
)
E*Trade Financial Corp. )
  c/o Registered Agent )
Corporation Service Company )
1111 E. Main St., 16th Floor )
Richmond, VA 23219-0000 )
)
    Defendant )

## COMPLAINT FOR FRAUD & DECEIT; STATUTORY CONSPIRACY (Va. §18.2-500) TO INJURE ANOTHER IN HIS REPUTATION OR PROFESSION; BREACH OF FIDUCIARY DUTY; CONVERSION; STATUTORY COMPUTER FRAUD (Va. 18.2-152.3)

Plaintiff Robert A. Vanderhye asks for judgment in his favor, and against the Defendant, on the following Complaint:

### The Parties, Jurisdiction & Venue

1. Robert A. Vanderhye ("RAV") is a natural person who resides in Fairfax County at 801 Ridge Dr., McLean, VA 22101, and has at all times relevant to the causes of action in this Complaint. He is also the court-appointed personal representative of the estate of his late father Arthur R. Vanderhye ("Art"). RAV is plaintiff in this action both individually and as the personal representative of Art's estate.

2. The defendant E*Trade Financial Corp. ("E*Trade") is a corporation of the state of Delaware, having an office in Merrifield, Virginia.  Its registered agent for service of process is Corporation Service Company, 1111 E. Main St., 16th Floor, Richmond, VA 23219-0000.

3. E*Trade does and transacts business in Fairfax County, Virginia on a regular basis with many account holders located in Fairfax County, has an office in Fairfax

1

County, and has committed torts causing damage in Fairfax County, Virginia. Therefore this Court has both general and special jurisdiction and venue over this cause of action, and the parties.

Factual Background

4. In mid-2014, RAV set up a joint account between himself and Art with E*Trade, the account number ending in 5196. E*Trade had and has a fiduciary duty to RAV in the handling of that account. At about the same time as he set up the 5196 account, RAV set up a joint account with his former step mother, Helen B. Vanderhye ("Helen"). RAV had the ability to write checks on both of those accounts.

5. After his father's death, RAV had difficulties with the joint account with Helen. An Arizona fiduciary representing Helen inappropriately tried to change the mailing address for that account and put a Hold on it. After numerous conversations with representatives of the alleged "Platinum" team at E*Trade, where it was first represented that the address change was from the Postal Service and then only after that representation was exposed as erroneous it was represented that it was only because of the Arizona fiduciary's relationship with Helen that address changes and Holds had been applied, RAV kept his joint account with Art with E*Trade. E*Trade representatives consistently maintained that it was only because of the Arizona fiduciary's association with Helen that address changes and Holds could be applied without RAV's approval, and that it was not possible with any other account since Helen was not on any other E*Trade account.

6. On January 22, 2015, RAV learned that by computer E*Trade had placed a Hold on the 5196 account and that RAV no longer had access to any money in that

2

account, by computer or otherwise, even though he had the responsibility to pay bills, as personal representative of Art's estate, for the estate from that account. Pursuant to an account "Alert" about the Hold, RAV called the phone number provided by E*Trade to find out why the Hold was placed and to have it removed.

7. On January 22, 2015, RAV talked with an alleged "Platinum" representative named Josh Anderson about the Hold. Josh Anderson refused to remove the Hold, and provided no reason why the Hold had been applied. Subsequently, from another Platinum representative RAV was provided with copies of the documents that allegedly caused E*Trade to place a Hold on the 5196 account. The documents include misrepresentations by the same organization, East Valley Fiduciary Services, Inc. (EVFS) of Mesa, Arizona, that tried to put a Hold on Helen's account, and E*Trade has refused to remove the Hold even though neither EVFS nor anyone associated therewith are listed on the 5196 account and have no rights to the money therein. E*Trade has conspired with EVFS to deny RAV access to the 5196 account.

8. In addition to preventing RAV from paying the bills for Art's estate from the 5196 account, the Hold placed on the 5196 account as a result of the conspiracy between E*Trade and EVFS has denied RAV all access to the account so that he cannot collect canceled checks from the account to present to the Fairfax County Circuit Court in order to fulfill his obligations as the personal representative of Art's estate. After at least seven phone calls, and emails and a letter, E*Trade continues to keep the Hold on the 5196 account and refuses to even substantively discuss the matter with RAV.

3

Causes of Action

## COUNT I – FRAUD & DECEIT

9. RAV repeats and incorporates by reference the factual allegations of paragraphs 4-8 above.

10. E*Trade made numerous false misrepresentations to RAV. These false representations included, but are not limited to: that the only reason for address changes and holds for Helen's account was first that they were Postal Service initiated and then when that was proven incorrect that her Arizona fiduciary (EVFS) had caused the problems; that no similar problems could be caused for any other account RAV had with E*Trade; that RAV could substantively discuss the Hold on the 5196 account over the phone with an E*Trade representative; and that the situation could be resolved over the phone.

11. The false representations by E*Trade were of material facts and/or made with the present (at the time made) intention not to execute the representations, that is with fraudulent intent. The misrepresentations were also made knowingly and intentionally with the intent to mislead. RAV relied on the misrepresentations and fraudulent promises as evidenced by the fact that he maintained the 5196 account with E*Trade instead of moving it to another entity. The reliance by RAV on E*Trade's misrepresentations resulted in extensive damage to RAV, including his inability to satisfy his obligations as personal representative of Art's estate to pay bills of the estate and to fulfill other obligations of the personal representative of Art's estate.

12. E*Trade had actual malice in making the false representations that it did, as indicated by E*Trade's failure to make any attempt to correct the situation when

4

specifically advised to do so on January 22, 2015, and numerous times afterward, and its refusal to provide any rational explanation for the Hold or any manner as to how the Hold could be removed, or even to substantively discuss the matter with RAV.

13. E*Trade obtained the benefit of the 5196 account by deceiving RAV, and under false pretenses.

14. Although there was actual intent to mislead by E*Trade, even if there was no actual malice (that is even if the misrepresentations were made innocently or negligently) there still is constructive fraud by E*Trade.

15. RAV is entitled to damages on this count in excess of $9,000.

## COUNT II – STATUTORY CONSPIRACY (Va §18.2-500) TO INJURE ANOTHER IN HIS REPUTATION OR PROFESSION

16. RAV repeats and incorporates by reference the factual allegations of paragraphs 4-15 above.

17. Pursuant to Va. §18.2-500(A), it is a violation of law for two or more persons to conspire for the purpose of willfully and maliciously injuring another in his reputation, trade, or business, resulting in damage to the other.

18. As indicated by a letter dated January 21, 2015 from EVFS's agent to E*Trade, and E*Trade's subsequent placing of a Hold on the 5196 account, E*Trade has conspired with EVFS for the purpose of willfully and maliciously injuring RAV in his reputation and in his trade or business as personal representative of Art's estate, resulting in damage to RAV including in his ability to discharge his duties as the personal representative of Art's estate. The willfulness of E*Trade's act is indicated by its positive step of placing the Hold on the 5196 account, and the maliciousness of the act is indicated by its concurrence with the representations by EVFS in the January 21 letter, its

5

failure to give any reasonable explanation as to why the Hold is continuing or to provide RAV with any mechanism to remove the Hold, and its refusal to even substantively discuss the situation with RAV.

19. RAV has been damaged in the amount of at least $10,000, which amount should be trebled pursuant to Va. §18.2-500(A), and RAV should also recover a reasonable counsel's fee pursuant to Va. §18.2-500(B).

## COUNT III – BREACH OF FIDUCIARY DUTY

20. RAV repeats and incorporates by reference the factual allegations in paragraphs 4-19 above.

21. E*Trade had and has a fiduciary duty to RAV in its dealings with RAV in general, and the 5196 account in particular.

22. By placing a Hold on the 5196 account, and by failing to provide any rational explanation for the Hold (although a conspiracy with EVFS concerning the Hold is evident), and by preventing RAV from even getting access to account records that are necessary for him to fulfill his obligations to the Court as the personal representative of Art's estate, E*Trade has breached its fiduciary duty and has damaged RAV in an amount of more than $180,000.

## COUNT IV - CONVERSION

23. RAV repeats and incorporates by reference the factual allegations in paragraphs 4-22 above.

24. RAV has the right to the immediate possession of the money in the 5196 account since it a joint account with Art with right of survivorship and Art is deceased, and RAV is holding the account as the Court-appointed personal representative of Art's

6

estate. E*Trade has exercised wrongful dominion or control over RAV's property, thus depriving RAV of possession, and has damaged RAV thereby. E*Trade's conversion has been with actual malice as indicated by its conspiracy with EVFS and its failure to even consent to substantively discuss the situation with RAV.

25. The damage to RAV from E*Trade's conversion is co-extensive with the damage in Count III above, and is for at least $180,000.

### COUNT V – VIOLATION OF Va. 18.2-152.3

26. RAV repeats and incorporates by reference the factual allegations in paragraphs 4-25 above.

27. Under Va. 18.2-152.3(3) it is a violation of law to use a computer to without authority convert the property of another, and a wronged party may file a civil action related thereto under Va. 18.2-152.12.

28. Without RAV's authority, E*Trade used a computer to convert the 5196 account, which was RAV's property held as the personal representative for Art's estate, to its own use or that of its co-conspirator EVFS in violation of Va. 18.2-152.3.

29. The damage to RAV from E*Trade's conversion is co-extensive with the damage in Counts III & IV above, and is for at least $180,000.

### PRAYER FOR RELIEF

WHEREFORE, RAV demands judgment in his favor and against E*Trade as follows:

A. An award of damages on Count I of at least $9,000 and on Count II of at least $10,000, and on one of Counts III, IV, or V of $180,000, totaling $199,000;

7

B. Trebling of the $10,000 damage award under Count II to $30,000 pursuant to Va. §59.1-204;

C. Exemplary or punitive damages as a result of E*Trade's conduct, with actual malice and/or in total disregard for RAV's rights, in the amount of not less than $10,000 for each independent Count;

D. The costs of bringing this action;

E. Attorney fees at least for the cause of action under Va. §18.2-500(A), as provided for by Va. §18.2-500(B);

F. Such other relief as this Court deems just and proper in order to do justice and to make plaintiff whole at law; and, in equity,

G. An order by this Court requiring E*Trade to immediately release the Hold on the 5196 account and to terminate its conspiracy with EVFS.

Total Damages Requested: Not less than $249,000.

### Jury Demand

Plaintiff demands a trial by jury on all issues triable by right to a jury under the Constitutions and Laws of the United States and the Commonwealth of Virginia.

Respectfully submitted,
Counsel for Plaintiff

Robert A. Vanderhye                     02/02/2015
Va. Bar #13,523                         Date
801 Ridge Dr.
McLean, VA 22101-1625
703-442-0422

8