# Exhibit B

# Robert A. Vanderhye

Attorney at Law
801 Ridge Dr.
McLean, VA 22101
703-442-0422

February 11, 2015

VIA FACSIMILE 866-650-0003
David Cox
Senior Financial Services Representative
Beneficiary Services
E*Trade
Sandy Utah

      RE:  E*Trade Account 35565196
          Vanderhye v E*Trade 2015-01421

Mr. Cox:

     Further to my letter of earlier today, attached is a copy of each of the documents I have filed in Court today.

     Govern your future actions accordingly.

Sincerely,

Robert A Vanderhye
Attachments

IN THE CIRCUIT COURT OF FAIRFAX COUNTY

Robert A. Vanderhye )
    Plaintiff )
vs. )    Case # CL2015 01421
E*Trade Financial Corp. )
    Defendant )

## NOTICE OF CALENDAR CONTROL HEARING

Comes now plaintiff Robert A. Vanderhye, by counsel, and provides notice that on

Tuesday February 17, 2015 at 8:30 a. m. at 4110 Chain Bridge Road, Fairfax, VA 22030 in the

Fairfax Circuit Court Judges' Chambers (on the 5th floor) counsel for plaintiff shall appear and

ask for a ruling on the provided Motion for a Preliminary Injunction on that date, or as soon

thereafter as the Court allows.

Respectfully submitted,
Counsel for Plaintiff

_____      02/11/2015
Robert A. Vanderhye                        Date
Va. Bar #13,523
801 Ridge Dr.
McLean, VA 22101-1625
703-442-0422

## Certificate of Service

I certify that I served each of the following by Express Mail, next day confirmed
delivery, except in the case of Mr. Cox by facsimile, the 11th day of February, 2015.

| | | |
|---|---|---|
| Legal Department | VIA FAX 866-650-0003 | E*Trade Financial Corp. |
| E*Trade Securities LLC | David Cox | Corporation Service Compnay |
| P O Box 1542 | Sr. Financial Services Rep. | 1111 E.Main St.,16th Floor |
| Merrifield, VA 22116-1542 | Beneficiary Services | Richmond,VA 23219-0000 |
| | E*Trade, Sandy, Utah | |

_____
Robert A. Vanderhye

1

IN THE CIRCUIT COURT OF FAIRFAX COUNTY

| | | |
|---|---|---|
| Robert A. Vanderhye | ) | |
| Plaintiff | ) | |
| vs. | ) | Case # CL2015 01421 |
| E*Trade Financial Corp. | ) | |
| Defendant | ) | |

### Plaintiff's Motion for a Preliminary Injunction

Plaintiff moves for a preliminary injunction requiring E*Trade to remove the Hold that it has placed on a Joint Account of Arthur and Robert Vanderhye entitled "Art Custodial Account" ending in 5196.

### Basic Facts

The facts are set forth in the attached Affidavit of plaintiff Robert A. Vanderhye, with exhibits.

Prior to the death of Arthur R. Vanderhye ("Art"), acting under Art's Durable Power of Attorney, in September, 2014, Plaintiff Robert A. Vanderhye ("Robert") set up a joint tenants with right of survivorship E*Trade account, ending in 5196, with Art to pay Art's bills for his care in assisted living and otherwise. The account is entitled "Art Custodial Account." After Art's death that account was used only to pay the legitimate expenses associated with Art's death. The account contains more than $184,000, and is the only asset of Art's estate.

Robert is the personal representative of Art's estate and pursuant to a Court Order from Fairfax County Circuit Court, Probate Division, he is responsible for, in relevant part, paying the outstanding bills of the estate, setting up a bank custodial account, and filing a report providing copies of checks and accounting for all expenditures from Art's estate. As Art's personal representative Robert has so far paid the necessary fees to Fairfax County associated with Art's estate and has sent out notices and filed reports due to date. Without access to the 5196 account

1

Robert is incapable of fulfilling his duties as personal representative of Art's estate since he can't gain access to the canceled checks which establish expenditures to date or pay outstanding bills.

While Robert was in the process of establishing a bank custodial account, on January 22, 2015, E\*Trade put a Hold on the 5196 account and since that time has not allowed Robert any access to the Account. At no time did E\*Trade provide any advance notice of the Hold, set forth any reason for why the Hold had been placed, or what Robert could do to remove it. Despite numerous conversations and written communications with E\*Trade representatives, to date Robert has never been provided with any reason why the Hold was placed, although it could be inferred that it might have something to do (what is not clear) with a letter an attorney from Arizona sent to E\*Trade in Utah on January 21, 2015, as detailed in the Complaint.

On February 11, 2015, Robert received a regular mail letter from an attorney in Arizona stating that on February 10 he noticed a hearing before a court in Arizona to have the money in the '5196 account transferred to an entity in Arizona. Robert received no advance notice of that proceeding, Robert is not a party to the proceeding, E\*Trade is not a party to that proceeding, and the court in Arizona has no jurisdiction over Robert.

Relevant Law

In *Levia Coal v Consolidation Coal*, 276 Va 44, 662 SE2d 44, 53 (2008) the Court set forth the standards for an injunction (of any type) in Virginia. There the Court held that "unless a party is entitled to an injunction pursuant to a statute, a party must establish the 'traditional prerequisites, i.e., irreparable harm and lack of an adequate remedy at law' before a request for injunctive relief will be sustained."

In granting a preliminary injunction, the US 4th Circuit Court of Appels in *Pashby v. Delia*, 709 F.3d 307, 320, 321 (2013) set forth the necessary criteria for establishing the need for

2

a preliminary injunction, namely, (1) likely to succeed on the merits, (2) likely to suffer

irreparable harm, (3) the balance of hardships tips in plaintiff's favor, and (4) the injunction is in

the public interest. It is believed that the *Pashby* criteria subsume the *Levia* criteria here.

Plaintiff is Entitled to a Preliminary Injunction

It is respectfully submitted that plaintiff has met the criteria for a preliminary injunction,

which criteria may be evaluated as follows:

(1) Plaintiff is clearly likely to prevail on the merits. Note that likely success on the

merits simply means a "clear showing," not "a certainty of success." *Pashby*, 709 F.3d at 321.

The 5196 account is a JTWRS account, Art is dead, Robert survives. E*Trade has given

no reason whatsoever why it has put a Hold on the account despite Robert's numerous inquiries

to multiple locations and individuals. The E*Trade account was listed as the asset of Art's estate

and accepted as such by Fairfax County Circuit Court, and Robert is the personal representative

of that estate. There is no legitimate basis upon which E*Trade can claim any right to the

account or the ability to give the account to another especially without a disposition of this

lawsuit which claims that E*Trade has committed Conversion and related torts.

(2) Plaintiff is likely to suffer irreparable harm. This is clear from the fact that E*Trade's

hold prevents Robert from performing his Fairfax Circuit Court mandated duties of setting up a

bank custodial account, paying the bills of Art's estate, and providing the necessary report to the

Court regarding past, as well as future, payments of the legitimate expenses of the estate. There

are at least five bills outstanding, and numerous checks for payment of past bills of the estate

which the Hold by E*Trade precludes Robert from accessing.

Further, if E*Trade does – as requested by the Arizona attorney in a proceeding in which

neither E*Trade nor Robert are a party, in a court that has no jurisdiction over Robert, and which

3

only provided Robert notice of a proceeding after the fact – transfer the proceeds of the 5196 account to a party in Arizona, Robert will be put to the difficulty and expense of retaining Arizona counsel and initiating a court proceeding in a state with which he has no contacts, with no hope of recovering attorney fees and making it impossible for him to fulfill his obligations to the Fairfax County Probate Court. It is hard to imagine a clearer showing of irreparable injury.

(3) The balance of hardships is clearly in plaintiff's favor. E*Trade suffers no hardship whatsoever in releasing its Hold on the 5196 account. In releasing the Hold E*Trade simply avoids the major consequences of its actions, and damages that it will be responsible for, regarding this Action. Any remaining consequences of its actions are of much lesser significance (that is, according to the relief requested in the Complaint on the order of $9,000 - $60,000 compared to not less than $249,000 if it does not release the Hold).

Compare E*Trade's total lack of hardship with plaintiffs irreparable injury as set forth in (2) above. The balance of hardships evaluation clearly rests on plaintiff's side.

(4) The public has an interest in the integrity of its financial custodians. The public has the right to expect its financial custodians to act honorably, not capriciously, vindictively, or without cause or notice as has been done by E*Trade here.

On the other hand, there is certainly no public interest in allowing a massive financial institution to prevent a personal representative of an estate from fulfilling his Court ordered obligations.

Thus for these reasons alone the grant of a preliminary injunction is in the public interest.

In *Pashby*, 709 F.3d at 329-331, the Court found that the public interest is also served when the laws of society are upheld in addition to other criteria in the public interest. That is a likely success on the merits also relates to the public interest factor. While some of the other

4

public interest examples mentioned in *Pashby*, such as First Amendment rights, supporting valid

patents, and allowing access to healthcare, were unique to situations discussed there,

requirements to keep a large financial institution such as E*Trade honest are, it is respectfully

submitted, just as important.

### Conclusion

In conclusion, plaintiff has established that he has met all of the criteria for a grant of a

preliminary injunction, therefore it is respectfully requested that the attached Order, or whatever

portion thereof the Court considers appropriate, be immediately entered in this case.

Respectfully submitted,
Counsel for Plaintiff

_____          _02/11/2015_
Robert A. Vanderhye                                    Date
Va. Bar #13,523
801 Ridge Dr.
McLean, VA 22101-1625
703-442-0422

### Certificate of Service

I certify that I served each of the following by Express Mail, next day confirmed

delivery, except in the case of Mr. Cox by facsimile, the 11th day of February, 2015.

| Legal Department | VIA FAX 866-650-0003 | E*Trade Financial Corp. |
|---|---|---|
| E*Trade Securities LLC | David Cox | Corporation Service Compnay |
| P O Box 1542 | Sr. Financial Services Rep. | 1111E.Main St.,16th Floor |
| Merrifield, VA 22116-1542 | Beneficiary Services | Richmond,VA 23219-0000 |
| | E*Trade, Sandy, Utah | |

_____
Robert A. Vanderhye

5

IN THE CIRCUIT COURT OF FAIRFAX COUNTY

| | | |
|---|---|---|
| Robert A. Vanderhye | ) | |
| Plaintiff | ) | |
| vs. | ) | Case # CL2015 01421 |
| E*Trade Financial Corp. | ) | |
| Defendant | ) | |

### ORDER Granting Plaintiff's Motion for a Preliminary Injunction

Upon Plaintiff's showing (1) that he will likely prevail on the merits as it relates to the subject matter of the preliminary injunction request, (2) that he will be irreparably harmed, (3) that the balance of hardships is in his favor, and (4) that the public interest lies in granting a preliminary injunction, IT IS HEREBY ORDERED THAT

E*Trade Financial Corp. and/or any related entity having responsibility (hereafter "E*Trade), shall immediately remove the Hold presently on the account entitled "Art Custodial Account" and ending in 5196, and allow plaintiff immediate access to everything associated with that account including, but not limited to, canceled checks drawn on that account;

E*Trade shall not re-initiate the Hold without an express order from this Court;

E*Trade shall not transfer any of the proceeds of the 5196 account to any other entity except plaintiff without an express order from this Court or the written approval of plaintiff; and

This injunction shall remain in force until this case is concluded or until withdrawn in writing, or modified in writing, by this Court.

| | |
|---|---|
| _____ | _____ |
| Circuit Court Judge | Date |

01-01-2001 05:22

## IN THE CIRCUIT COURT OF FAIRFAX COUNTY

| | | |
|---|---|---|
| Robert A. Vanderhye | ) | |
| Plaintiff | ) | |
| vs. | ) | Case # CL2015 01421 |
| E*Trade Financial Corp. | ) | |
| Defendant | ) | |

### Affidavit in Support of Plaintiff's Motion for a Preliminary Injunction

I, Robert A. Vanderhye, being duly sworn, hereby say and declare:

1. From April, 2014, until the death of my father, Arthur R. Vanderhye ("Art") in September, 2014, I handled his affairs as his attorney-in-fact under the Durable Power of Attorney that he executed when he was of sound mind in 2007. In furtherance thereof, since I also had the Durable Power of Attorney of his wife Helen B. Vanderhye, I sold the house that they owned together and split up their assets roughly 50-50 (with Helen getting slightly more) since they were living in assisted living in different states, Helen in Arizona and Art in Virginia.

2. With Art's share of the assets, I set up a joint tenants with right of survivorship E*Trade account, ending in 5196, with Art and me as the joint tenants. The account was set up to pay Art's bills for his care in assisted living, and otherwise. The account is entitled "Art Custodial Account." After Art's death the 5196 account was used only to pay the legitimate expenses associated with Art's death. Under normal circumstances, one can access canceled checks drawn on the account, including from the time that it was set up to the present. The account contains more than $184,000 as of today's date, and is the only asset of Art's estate.

3. I am the personal representative of Art's estate as Exhibit A hereto makes clear. Pursuant to a Court Order from Fairfax County Circuit Court, Probate Division, Exhibit B hereto, I am responsible for, in relevant part, paying the outstanding bills of the estate, setting up a bank custodial account, and filing a report providing copies of checks and accounting for all

1

expenditures from Art's estate. As Art's personal representative I have so far paid the necessary fees to Fairfax County associated with Art's estate and have sent out notices and filed reports due to date. Since Art's death the 5196 account has been used solely to pay the legitimate expenses of his estate. Without access to the 5196 account, however, I am incapable of fulfilling my duties as personal representative of Art's estate since I can't gain access to the canceled checks which establish expenditures to date, or pay outstanding bills.

3. While I was in the process of establishing a bank custodial account, on January 22, 2015, E*Trade put a Hold on the 5196 account and since that time has not allowed me any access whatsoever to the Account. A copy of the Notice of the Hold and that portion of my electronic statement indicating the Hold are provided as Exhibit C. At no time did E*Trade provide me with any advance notice of the Hold, or set forth any reason why the Hold had been placed, or what I could do to remove it, aside from calling the phone number in Exhibit C.

4. I called the phone number in Exhibit C at least seven times, as well as calling another E*Trade number. I had conversations (including call backs that I received) with at least a half dozen representatives of E*Trade and sent written communications to at least three representatives about the Hold. Despite these numerous conversations and written communications with E*Trade representatives, to date I have not been provided with any reason why the Hold was placed; in fact I have been provided with no substantive response whatsoever. However, it could be inferred that E*Trade's placement of the Hold might have something to do (what is not clear) with a January 21, 2015 letter an attorney from Arizona sent to E*Trade in Utah, as I have detailed in the complaint. I was never given a chance to respond to the letter from the Arizona attorney and attempts by me to initiate a dialog about it have been stonewalled by E*Trade.

PAGE 10/16 * RCVD AT 2/11/2015 1:48:44 PM [Eastern Standard Time] * SVR:ATL1RFBRD2/0 * DNIS:6246950 * CSID: * DURATION (mm-ss):04-29

5. On February 11, 2015, I received a regular mail communication from an attorney in Arizona stating that he noticed for February 10 a hearing before a court in Arizona to have the money in the 5196 account transferred to an entity in Arizona. I received no notice of that February 10 proceeding until after it had already occurred, I am not a party to the proceeding, E*Trade is not a party to that proceeding, and the court in Arizona has no jurisdiction over me since I have no business interests, property, bank account, or any other contact with Arizona that would satisfy the Due Process Clause of the 14th Amendment.

6. As earlier indicated, as the personal representative of Art's estate I have paid Fairfax County the necessary fees on the sole asset of his estate, the 5196 account. I have also sent out the required notices to possible beneficiaries of his will, and filed the report and fee with the Court acknowledging that. However, as a result of the Hold on the 5196 account by E*Trade I am unable to perform my subsequent duties as the personal representative of Art's estate. There are presently at least five outstanding matters that need to be paid from the 5196 account, I need to obtain the canceled checks from the 5196 account, and I need to present those checks with a report to the Fairfax County Court, Probate Division, none of which can I presently do, which is why I cannot fulfill my obligations as long as the Hold is in place.

7. If E*Trade does – as requested by the Arizona attorney in a proceeding in which neither E*Trade nor I are a party, in a court that has no jurisdiction over me, and which only provided me notice of the proceeding after the fact – transfer the proceeds of the 5196 account to a party in Arizona, I will be harmed irreparably. To fulfill my responsibilities as a fiduciary to the beneficiaries of Art's Will (which I have as personal representative) I will be put to the difficulty and expense of retaining Arizona counsel and initiating a court proceeding in a state

3

with which I have no contacts, with no hope of recovering attorney fees, and while making it impossible for me to fulfill my obligations to the Fairfax County Probate Court.

8. E*Trade suffers no hardship whatsoever in releasing its Hold on the 5196 account. In releasing the Hold E*Trade simply avoids the major consequences of its actions, and damages that it will be responsible for, as set forth in the Complaint. By releasing the Hold E*Trade avoids damages called for under the Complaint of at least $180,000. The remaining causes of action are of much lesser significance (that is, according to the relief requested in the Complaint on the order of $9,000 - $60,000 compared to not less than $249,000 if it does not release the Hold).

9. I say, swear, and declare that all statements made herein of my personal knowledge are true and that all statements made on information and belief are believed to be true.


_____          Feb. 11, 2015
Robert A. Vanderhye                                         Date

Subscribed and sworn to before me the _Eleventh_ day of February, 2015.
Notary Public, State of Virginia


My commission expires: 12/31/17

LATIFEH HASSANZADEH
NOTARY PUBLIC
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES DEC. 31, 2017
COMMISSION # 295840

4




EXHIBIT A

# CERTIFICATE OF QUALIFICATION

## Circuit Court of Fairfax County, Virginia

Fiduciary Number FI-2014-0002152

I, **John T. Frey**, Clerk of the Circuit Court of Fairfax County, Virginia, the same being a Court of Probate and of Record and having a seal, do hereby certify that it appears of record in my office pursuant to law that:

Robert A Vanderhye

duly qualified in this court as Executor for the estate of Arthur R Vanderhye, deceased.

A bond in the amount of $372,000.00 has been posted.

The powers of the fiduciary(ies) named above continue in full force and effect.

**IN TESTIMONY WHEREOF** I have hereunto set my hand, and affixed the seal of said Court hereto, at Fairfax, Virginia this 12th day of December, 2014.

**TESTE: JOHN T. FREY, CLERK**

By: _____
Deputy Clerk

Form 7          Certificate of Qualification.doc          version 1.1          Date Modified: 11/11/2004

01-01-2001 03:23



COMMONWEALTH OF VIRGINIA
CIRCUIT COURT OF FAIRFAX COUNTY
OFFICE OF THE COMMISSIONER OF ACCOUNTS
The Fairfax Building
10555 Main Street, Suite 500
Fairfax, Virginia 22030
703 - 667- 4900



John H. Rust, Jr.
Commissioner of Accounts

December 17, 2014

Joseph A. Barsanti
Deputy Commissioner

**EXHIBIT B**

Robert A. Vanderhye
801 Ridge Drive
McLean, VA 22101

Re:     Estate of Arthur R. Vanderhye, deceased
        Fiduciary No.  FI-2014-0002152

Dear Fiduciary:

The Clerk's Office of the Circuit Court of Fairfax County notified this office that you qualified as personal representative of the above-referenced estate on December 12, 2014.  As the Commissioner of Accounts for the Circuit Court of Fairfax County, I have general supervision of fiduciaries who qualify before the Court. My office is responsible for reviewing, auditing and approving, if applicable, all inventories and accounts that such fiduciaries file.  This letter outlines certain of your fiduciary duties under the Virginia Code and sets forth important deadlines that you must meet.  Please review it carefully.

Your inventory is due on or before April 13, 2015.  The inventory is a listing of the decedent's assets with an estimate of the value of those assets as of the decedent's date of death. An inventory reminder list, which highlights the steps necessary to file a proper inventory, is enclosed with this letter.  Detailed instructions, electronic forms and additional information can be found on our website, the address of which is shown in the footer of this letter below.

You also are required to file an account of the administration of the estate each year. Your first account is due on or before April 12, 2016.  Unless your first account is also a final account (which may end earlier), your first account should cover the period December 12, 2014 to December ___, 2015.  You may end your account on any day of the month of December to reconcile with your monthly financial statements.  Second and subsequent accounts covering the period December to December will be due by April 12 of each year until all assets are distributed and a final account is filed.

Each account must be accompanied by supporting documentation.  In order to provide the necessary supporting documentation, you must keep a record of all assets you take in and all funds you disburse or distribute.  You will need to open an estate bank account in your fiduciary capacity and pay as many things as possible by check so that you will have a receipt.  You should use a financial institution in Virginia that provides either original cancelled checks or a bank copy of the front of your cancelled checks with your bank statements. Not all financial institutions provide the documentation required.  For any items paid in a manner other than by check, you should secure a receipt from the payee.  At the time you file your account, all of your

bank statements, checks and receipts, together with the bills you paid, should be presented to support your account.

At the time you qualified, you should have received Tips for Fiduciaries, a copy of which is enclosed. Tips for Fiduciaries addresses many of the frequent errors that our office encounters in filings we receive. Please take the time to review this information. All forms necessary for the proper administration of the estate, as well as additional information regarding estate administration, can be found on our website. I encourage you to spend some time reviewing those sections of the website associated with estate administration. These sections will provide you with the basic information you need to understand your role as personal representative of the estate. The website also lists the dates and times of this office's monthly outreach meetings. These meetings are your opportunity to ask questions and gain a further understanding of your fiduciary responsibilities.

As a final note, please be aware that there are many laws governing the proper administration of an estate. You should take care when paying debts of the estate or making distributions to beneficiaries of the estate as you may be personally liable if payments are not made in the order and manner required by the law. If you have legal questions, you should direct them to a competent attorney of your own choosing whose professional assistance will generally be considered an expense of the estate.

My staff and I look forward to working with you during your administration of this estate. Please feel free to contact this office if you have any questions.

Very truly yours,

John H. Rust, Jr.
Commissioner of Accounts
19th Judicial Circuit

By: _____

cc:  Lisa M. Campo, Esq.
     Hale Ball Carlson Baumgartner Murphy,
PLC
     10511 Judicial Drive
     Fairfax, VA 22030

PAGE 16/16 * RCVD AT 2/11/2015 1:48:44 PM [Eastern Standard Time] * SVR:ATL1RFBRD2/0 * DNIS:6246950 * CSID: * DURATION (mm-ss):04-29

01-01-2001  03:24

Important Account Notice

Due to a change in your account status, access to certain features in your account(s) may be temporarily limited until we are able to speak with you. We apologize for any inconvenience this may cause.

**Please Call Us at Your Earliest Convenience.**

To resolve this issue, please contact 1-800-ETRADE-1 (1-800-387-2331) anytime, seven days a week. From outside the U.S. call +1-678-624-6210.

Account Restriction: more ▾

Due to a change in your account status, access to certain features in your account(s) may be temporarily limited until we are able to speak with you. To resolve this issue, please contact 1-800- ETRADE-1 (1-800-387-2331) anytime, seven days a week. From outside the U.S. call +1-678-624-6210.

| ⚠ | | | |
|---|---|---|---|
| Art Custodial Account | | Net Account Value | $184,286.90 |
| -5196  show | | Available for Withdrawal | $184,286.90 |
| | | Cash Purchasing Power | $184,286.90 |